**ARDEN v. BOONE.** (No. 119–2985.)

(Commission of Appeals of Texas, Section A.
May 12, 1920.)

1. Reformation of instruments ⚌25—Equity will not relieve from unilateral mistake where there is negligence.

Where a party executing preliminary contract accepted a deed providing for his keeping open a permanent roadway on land conveyed, in the absence of showing of fraud or excuse for failure to read the instruments, reformation thereof could not be had on the ground of accident, fraud, or mistake.

2. Easements ⚌58(3)—Whether grantee entitled to unobstructed way depends on terms of grant and circumstances.

Whether the grantee of a right of way is entitled to a way unobstructed by gates or bars depends upon the terms of the grant, the provision for which it was made, the nature and situation of the property, and the manner in which it has been used.

3. Easements ⚌58(3)—Grantee entitled to keep right of way obstructed by gates; "keep open."

Under a deed wherein grantee was to "keep open" a way so that grantor and assigns "may have access to public road," the grantor was not entitled to a roadway unobstructed by gates.

4. Easements ⚌58(3)—Grantee agreeing to "keep" open a way was not required to keep the way unobstructed by gates.

Grantee agreeing to "keep open" a way was not required to keep it unobstructed by gates, where for a long period prior to execution of deed gates had been used and the parties made the contract with knowledge of conditions as they existed at the time; the word "keep" meaning in such case "to maintain, to cause to continue without essential change of condition."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Keep.]

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by J. C. Arden against O. A. Boone. From a judgment of the Court of Civil Appeals (187 S. W. 995) affirming a judgment for defendant, plaintiff brings error. Affirmed.

Milam & Wheat, of Seymour, and Speer & Brown, of Ft. Worth, for plaintiff in error.

Glasgow & Kenan, of Seymour, for defendant in error.

STRONG, J. The plaintiff, Arden, on January 29, 1913, conveyed to the defendant,

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Boone, by general warranty deed, 100 acres of land off of the south side of a 220-acre tract; the deed containing the following provision:

"It is understood and agreed, as a part of the consideration for this land, that the said O. A. Boone, his heirs and assigns, are to keep open for a permanent roadway 15 feet wide on the extreme east of said 100-acre tract hereby conveyed, so that said J. C. Arden and his assigns may have access to the public road from the land on the north of said 100-acre tract."

The 15-foot strip described was at the time of the execution of the deed, and for many years prior thereto, used as a passway, with gates at the northern and southern extremities thereof. Plaintiff continued to use the passway with gates until June 17, 1915, when he filed this suit in the nature of an action for specific performance to require the defendant to remove the gates and to "keep said roadway open and unobstructed at all times in the future."

The case was submitted to the jury on special issues, the issues submitted and the answers thereto being as follows:

"(1) Did the defendant, Boone, or his agent, Eddleman, know of the condition in the deed that provided for an open road on the land in controversy at the time of the execution or delivery of the deed? A. No.

"(2) Did the deed from Arden to Boone express the understanding and agreement. of the parties with reference to the road or passway over the strip of land in controversy? A. No.

"(3) Was it the intention and understanding between the parties at the time of the execution of the deed, or at the time of making the contract, that the 15 feet of land in controversy was to be for an open road, or was it to be a passway with gates? A. Passway with gates."

Upon these answers the trial court rendered judgment for defendant, which was affirmed by the Court of Civil Appeals. 187 S. W. 995.

[1] There is no pleading or proof of any fraud on the part of the plaintiff in having the provision for keeping open a permanent roadway inserted in the deed, nor is any reason or excuse alleged or shown for the defendant's failure to read the deed and discover the provision relating to this matter. The judgment, therefore, cannot be sustained upon the findings of the jury in answer to the first two issues above quoted.

The sole question for determination is: Does the provision in the deed above quoted entitle the plaintiff to a roadway unobstructed by gates? If so, the judgment should be reversed. If not, the judgment should be affirmed.

[2] The rule applicable in construing the instrument under consideration is thus well stated in Jones on Easements, § 400:

"Whether the grantee of a right of way is entitled to a way unobstructed by gates or bars depends upon the terms of the grant, the provision for which it was made, the nature and situation of the property, and the manner in which it has been used."

[3, 4] Applying the rule stated to the language used in the reservation in the deed, we think it clear that there was no intention to provide the plaintiff with a passway without gates. Whatever may be the meaning of the expression "to keep open," when used in its broad sense, the parties themselves have given the term a definite meaning as used in the instrument under consideration. The language, "so that said J. C. Arden and his assigns may have access to the public road from the land on the north side of said 100-acre tract," defines and describes the manner in which the roadway was to be kept open, and clearly shows that it was not the intention of the parties that it should be kept open in the broad sense in which that term is sometimes used, but only in such manner as to afford the plaintiff access to the public road from his land. Such access was afforded by a roadway with gates constructed and maintained in such condition as not to unreasonably interfere with the right of passage. Even in the absence of the language quoted, we would be inclined to hold, in view of the nature and situation of the property, and the manner in which the roadway had been used prior to the execution of the deed, that there was no intention to require a roadway without gates. The undisputed evidence shows that, for a long period prior to the execution of· the deed, gates had been used at the termini of the passway as a means of affording the grantor access to the public road, and that such condition existed at the time of the conveyance. The parties made the contract containing the reservation, with knowledge of the conditions as they existed at the time, and had existed theretofore, with reference to the presence of the gates.

One of the accepted definitions of "keep" is: "To maintain; to cause to continue without essential change of condition." The term "to keep open," we think, was used in this sense in the reservation under consideration. Collins v. Degler, 74 W. Va. 455, 82 S. E. 265; Garland v. Furber, 47 N. H. 301; Frazier v. Myers, 132 Ind. 71, 31 N. E. 536; Methodist Protestant Church v. Laws, 4 O. C. D. 562, 48 L. R. A. (N. S.) 87, Note.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.