## NEW AMSTERDAM CASUALTY CO. v. CROW et al. (No. 1806.)

Court of Civil Appeals of Texas. Beaumont.
April 12, 1929.

Rehearing Denied April 24, 1929.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

E. B. Pickett, Jr., of Liberty, for appellees.

O'QUINN, J. This was a suit under the provisions of the Compensation Act (Rev. St. 1925, arts. 8306–8309). Appellant was the insurer for Capital Oil Company. While in the course of his employment with the Capital Oil Company on the 7th day of August, 1926, appellee received a severe injury to his leg. Appellant recognizing its legal duty and re-lation to appellee, paid him compensation for eight weeks on the basis of total incapacity, and then refused further payments. Appellee's claim was prosecuted in due form to the Industrial Accident Board, who entered its final ruling in his favor. Being dissatisfied with the award, appellant filed this suit to have it set aside. Appellee, by a cross-action, pleaded the facts of his injury, and prayed for appropriate relief. On trial to the court without a jury, judgment was in appellee's favor for 26 weeks total incapacity at $20 per week, and 300 weeks partial incapacity, of 50 per cent. at $17.30 per week. Appellee's wages were $10 per day. The trial court determined the weekly compensation by multiplying the daily wage by 300, making $3,000. This sum was divided by 52, making appellee's weekly wage $57.69. Compensation on this basis was allowed for 26 weeks. Then the court took 50 per cent. of the weekly wage, that is $27.84, and for compensation for the partial incapacity allowed appellee 60 per cent. thereof, that is, $17.30 per week, for 300 weeks.

By its propositions 1, 2, and 3, appellant assails, as being without support in the evidence, the trial court's conclusion of total incapacity for 26 weeks and permanent partial incapacity for 300 weeks. After carefully reviewing the facts, these propositions are overruled. The conclusions have abundant support.

By propositions 4, 5, 6, and 7, appellant asserts that the injuries, if any, were specific, and related wholly to the foot or leg. Appellee was an oil well driller. He was injured by stepping into a hole in the derrick floor, bruising his leg very severely. The injury was slow healing. The doctors who testified in the case thought the leg was well of the injury and that appellee's suffering was caused by varicose veins. But appellee testified that he was unable to work. He said when he tried to work his leg caused him constant and severe pain. The leg swelled, and the swelling did not subside as long as he worked. He testified that the leg felt as if the bone were broken. One of the doctors admitted that the bone and its covering might have been injured, which would have caused the condition of which appellee complained. On the facts in evidence, the trial court did not err in refusing to find a specific injury. The evidence abundantly supported the conclusion of permanent partial incapacity under the general provisions of the statute. Millers' Indemnity Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957; Security Union Casualty Co. v. Frederick (Tex. Civ. App.) 295 S. W. 303; Lumbermen's Reciprocal Ass'n v. Anders (Tex. Civ. App.) 292 S. W. 265.

By propositions 8 and 9 it is insisted that the trial court erroneously calculated the compensation upon the facts found.

These propositions are without merit. Article 8306, § 10, provides:

"While the incapacity for work resulting from an injury is total, association shall pay the injured employé a weekly compensation equal to 60% of his average weekly wages, but not more than $20.00 nor less than $7.00."

Section 11 of this same article provides:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employé a weekly compensation equal to 60% of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week."

The compensation allowed was the measure provided by these quoted sections of article 8306 of the Compensation Act. Appellant, in support of its propositions on this point, cites Western Indemnity Co. v. Milam, 230 S. W. 825, by this court. That was a construction of section 12 of article 8306, and has no application to the facts of this case.

Affirmed.