## SILLER v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 9730.

Court of Civil Appeals of Texas. San Antonio.

March 25, 1936.

Rehearing Denied April 29, 1936.

G. Woodson Morris, of San Antonio, for appellant.

Eskridge & Groce, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Angelina Siller, suing by her next friend, Mrs. Cleotilda Martinez, appellant, against United

States Fidelity & Guaranty Company, appellee, seeking to recover workmen's compensation insurance for incapacity resulting from injuries sustained by Angelina Siller.

Appellant recovered judgment below in the total sum of $1,056.35, from which judgment Angelina Siller has prosecuted this appeal.

This appeal presents the one question of whether or not the trial court properly calculated the amount of the judgment.

It was agreed that the average weekly wage of Angelina Siller was the minimum wage of $7 per week. The jury found that her disability was permanent and that it was 85 per cent. total.

The trial judge allowed a recovery of 85 per cent. of 60· per cent. of $7 for the proper number of weeks. Appellant contends that the calculation should have been made by taking 85 per cent. of $7 per week for the proper number of weeks.

It is clear that the formula used by the trial judge was the proper one.

Article 8306, § 11, R.C.S. 1925, reads as follows: "While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week. The period covered by such compensation shall be in no case greater than three hundred weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury."

This is the section of the statute under which compensation should be figured where the incapacity is partial and permanent and is the result of general injuries. New Amsterdam Casualty Co. v. Crow (Tex.Civ.App.) 16 S.W.(2d) 560; General Accident Fire & Life Assurance Corporation v. Bundren (Tex.Civ.App.) 274 S.W. 671, affirmed General Accident Fire & Life Insurance Corporation v. Bundren (Tex. Com.App.) 283 S.W. 491; Petroleum Casualty Co. v. Lewis (Tex.Civ.App.) 63 S.W. (2d) 1066; Texas Employers' Ins. Ass'n v. Shilling (Tex.Com.App.) 289 S.W. 996.

Appellee, by cross-assignment, contends that appellant, having pleaded a case of total and permanent disability, should not be permitted to recover for a partial and permanent disability. The mere fact that she recovered for partial disability when she alleged total does not constitute a variance between the allegata and the probata.

Appellee further contends that a finding that her incapacity was 85 per cent. total did not meet the requirements of Section 11, supra, which provides that she should be paid 60 per cent. of the difference between her average weekly wages before the injury and her average weekly wage-earning capacity during the existence of such partial incapacity. We overrule this contention. While it would be preferable to follow the language, a finding of the percentage of incapacity is sufficient to enable the court to make the calculation provided for in section 11, supra.

Accordingly, the judgment of the trial court will be affirmed.