### FEDERAL UNDERWRITERS EXCHANGE v. DORMAN.

### No. 3555.

Court of Civil Appeals of Texas. Beaumont.
Jan. 31, 1940.

Rehearing Denied Feb. 21, 1940.

Gordon, Sharfstein, Bell & Weinert, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, and J. T. Adams and D. C. Bennett, both of Orange, for appellee.

COMBS, Justice.

On September 22, 1938, appellee, an employee of Levingston Shipbuilding Co. of Orange, Texas, was injured when hot metal scales from an electric welding machine rebounded into his eyes. Plaintiff alleged a general injury and total permanent incapacity on the theory that the injury to his eyes caused retinites "and almost total loss of vision of both eyes" which produced continuous, headaches, extreme nervous-ness, sleeplessness, dizzy spells, and pains which extend back from the eyes into the neck and shoulder. In their briefs, the parties argue at considerable length, the question of whether or not the plaintiff also plead specific injury to the eyes alone. In view of the holding announced below we do not discuss the point.

The jury found that the injury to plaintiff has not caused pain in his eyes extending backward through his head and shoulders and affecting his body generally and also that plaintiff's disability is limited to loss of sight. Thus the issue of general injury was eliminated. However, in response to other issues, the jury found that plaintiff's injury resulted in total incapacity for 100 weeks from the date of the injury, and in response to still other issues, they found plaintiff partially disabled to the extent of 25% for 100 weeks from the date of the injury. As to specific injury, the jury found that plaintiff has lost "a portion of the vision of his eyes". But the issues inquiring as to the percentage of the loss of vision were not answered.

The trial court entered judgment for plaintiff for compensation for 401 weeks, at the agreed rate of $12.12 per week, reciting in the judgment that plaintiff has sustained the loss of the sight of both eyes.

### Opinion

■ The judgment will have to be reversed. As stated above the jury made findings which eliminated any question of general injury. There were no findings whatever fixing the extent of plaintiff's loss of vision. The finding that his disability is limited solely to loss of sight did not amount to a finding of total loss of vision. And if it had, it would have been without support in the evidence. The medical testimony placed plaintiff's loss of vision at not exceeding forty-five to fifty percent and he admitted that he drives his automobile.

■ Counsel contend that defendant was entitled to judgment in the trial court and that this court should render this case because, as they contend, plaintiff pleaded only a general injury and consequently the jury's finding against plaintiff on that issue disposed of the only ground of recovery pleaded favorably to defendant. We overrule the assignment. True, the plaintiff's principal effort, by pleading and proof, was to establish a general injury. But he pleaded the nature of the injury to his eyes. That he did receive such injury cannot be

seriously questioned. We therefore remand the case for a new trial. The pleadings can be amended so as to more clearly and fully allege the specific injury to plaintiff's eyes. The other grounds of error urged by appellant can also be obviated on another trial and we do not deem it necessary to discuss them.

Reversed and remanded.