## HARDWARE MUT. CASUALTY CO. v. RIDDLE et ux.

### No. 14107.

Court of Civil Appeals of Texas. Fort Worth.

June 21, 1940.

King, Dawson & Jones, of Wichita Falls, for appellant.

Napier & Napier, of Wichita Falls, for appellees.

SPEER, Justice.

This is a workmen's compensation case. Plaintiff Novella Riddle is the employee, defendant Hardware Mutual Casualty Company is the insurance carrier, and Great Western Garment Company is the employer. The parties will thus be designated in this opinion.

Plaintiff sued to recover compensation for the total and permanent loss of her right eye, resulting from an accidental injury sustained while in the course of her employment; in addition, she alleged that she had received a severe nervous shock to her entire body, and that her health had been seriously impaired as a result of the injury to the eye.

Defendant contested the claim under a plea of general denial.

The case was tried on special issues to a jury. The verdict reflects that plaintiff suffered a total loss of vision in her eye on April 2, 1939, and that the total loss of vision in the eye is permanent. In response to other issues it was found that plaintiff suffered no other disability than the loss of vision in the injured eye.

Upon the verdict, judgment was entered for plaintiff for compensation covering 75 weeks, at a weekly wage rate of $7. The amount accrued since the date of the injury was computed on that basis with accrued interest. New trial was denied the carrier; hence this appeal.

In more than one assignment of error and in different propositions, it is urged that there is no testimony in the case to support the verdict of total permanent loss of vision in the plaintiff's eye.

It is unnecessary for us to review the testimony on that point. The injured employee, who is appellee here, has filed in this court, in lieu of a brief, a confession of error, saying: "The testimony is insufficient to show a total loss of vision from April 2nd, 1939", and concludes by requesting that the judgment be reversed and the cause remanded.

Appellant, the insurance carrier, has asked that judgment be rendered for it. This we decline to do. It is obvious that plaintiff has sustained an accidental injury in the course of her employment, and is entitled to have the case remanded for another trial, at which time she will have an opportunity to amend her pleadings, if she so desires, develop the facts agreeable thereto and procure such jury verdict thereon as shall be supported by the evidence of the real facts as they exist. We are supported in our conclusion to remand rather than render by the following decisions: Williams v. Safety Casualty Co., 129 Tex.

184, 102 S.W.2d 178; Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031; Sun Oil Co v. Gunter, Tex.Civ.App., 125 S.W.2d 338; Federal Underwriters Exchange v. Dorman, Tex. Civ.App., 137 S.W.2d 100, writ dismissed, judgment correct; Jefferson Amusement Co. v. Eaves, Tex.Civ.App., 137 S.W.2d 104.

For the errors shown and confessed, which we find supported by the record, the judgment of the trial court is reversed and the cause remanded for another trial.