## BURNS v. McDANIEL.

### No. 2229.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1942.

H. C. Hooser, Thomas & Thomas, and John B. Littler, all of Big Spring, for appellant.

Brooks & Little, of Big Spring, for appellee.

GRISSOM, Justice.

This is a suit by John L. Burns against C. H. McDaniel, Jr., instituted for the purpose of compelling McDaniel to remove the gates and locks by which a roadway was obstructed. The judgment of the trial court required McDaniel to remove the locks, but permitted the roadway to be obstructed by unlocked gates. From this judgment Burns has appealed.

The sole question presented is whether the judgment should have required that the gates be also removed.

In 1916, C. L. Alderman owned Sections 12 and 13 in Block 33, Township 1 South, T. & P. Ry. Co. Survey in Howard County. On October 18, 1916, Alderman and wife, by general warranty deed, conveyed 150 acres of land out of said Sec. 13 to Frank Pool. The deed contained the following "reservations": "It is understood, however, that a *parcel of land* 30 feet eastward and westward and 30 feet northward and southward, *adjacent to* the north and east lines of *the parcel of land herein conveyed* is reserved for and shall be kept open as a pass-way for the traveling public as well as for the grantors into and upon the lands *adjacent to* and eastward from *the parcel of land herein conveyed.* There is also reserved for and shall be kept open a roadway 30 feet in width along the entire south line of the parcel of land herein conveyed." (Italics ours.)

On the same day, the Aldermans conveyed to Pool 63 acres of land out of said Sec. 12. That deed contained the following reservation: "It is understood, however, that a strip of land 20 feet in width along the entire west side; another strip 30 feet in width along the entire north side, and another strip 20 feet in width along the entire east side of the parcel of land herein conveyed is reserved for and shall be kept open as a roadway or roadways."

On the 22d day of August, 1939, Frank Pool conveyed to his daughter, Guion Pool Keating, two tracts of land out of said Block 33. The second tract therein conveyed was the 150 acre tract out of section 13, conveyed by the first deed hereinbefore mentioned. The reservation was not mentioned in that deed.

On October 1, 1939, Guion Pool Keating and husband, F. E. Keating, conveyed to the defendant, C. H. McDaniel, Jr., 3 tracts of land out of said Block 33. The first tract consisted of 609.965 acres out of Sec. 24, of said Block 33, being all of said section except that theretofore conveyed to the State of Texas. The second tract therein conveyed was said 150 acre tract out of section 13, Block 33, and was the same land described in the first deed hereinbefore mentioned. Said deed also conveyed a third tract consist-

ing of three acres out of Sec. 12, Block 33. That deed contained the following recital: "Grantee in accepting this conveyance, does so subject to and with full knowledge of all easements and rights-of-way, on, over and across the above described parcels of land."

On December 15, 1939, Lizzie S. Alderman, the widow of C. L. Alderman, joined by his heirs, conveyed to plaintiff, John L. Burns, the Southwest ¼ of the Northeast ¼ of Sec. 13, Block 33, Township 1 South, Texas & Pacific Ry. Co. Survey in Howard County.

■ We think it is evident that the Aldermans and their grantee by the terms of the reservation contained in the first deed hereinbefore mentioned, in stating that it was understood that a "parcel of land" 30 feet eastward and westward and 30 feet northward and southward, "adjacent to the north and east lines of the parcel of land herein conveyed is reserved for and shall be kept open as a pass-way for the traveling public as well as for the grantors into and upon the lands adjacent to and eastward from the parcel of land herein conveyed" intended that an unobstructed roadway to be used by the traveling public was intended to be and was reserved, or that said 30 foot strip of land was excepted from the conveyance and was to be so used for such purpose.

■ It is evident that the Aldermans who then owned other adjacent tracts of land out of said block, intended to reserve an unobstructed road for their use and for the use of their subsequent vendees of the adjoining tracts then owned by the Aldermans. "Whether the grantee has a right to a way free from gates and bars depends upon the terms of the grant, its purpose, the nature and situation of the property, and the manner in which it is used." 15 Tex.Jur. 802. We are of the opinion that the terms of the grant, its purpose, so far as it is revealed by the record, the nature and situation of the property, in the absence of evidence of the manner in which said roadway was then being used, if it was, compel the conclusion that the Aldermans by said reservation intended to retain "a parcel of land" 30 feet wide "adjacent to" the "east line" of the 150 acre tract conveyed by the Aldermans to Pool, and acquired by mesne conveyances by defendant. We think it cannot be logically contended that a vendor who reserves, or excepts, "a parcel of land" 30 feet wide, adjacent to a certain line of a tract conveyed, and who further provides that said "parcel of land" is reserved for and shall be kept open as a pass way for the traveling public, as well as for the grantors, in and upon the lands adjacent to and eastward from the parcel of land thereby conveyed, intended to reserve anything less than an open, unobstructed road suitable ·for the use of the traveling public. 28 C.J.S., Easements, § 98, p. 781; 19 C.J. 986; 9 R.C.L. 800; Arden v. Boone, Tex.Com. App., 221 S.W. 265; Ladies Benev. Soc. v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812; Stuart v. Larrabee, Tex. Civ.App., 14 S.W.2d 316, writ refused; Heiple v. City of East Portland, 13 Or. 97, 8 P. 907, 909; Board of Revenue v. State, 172 Ala. 138, 54 So. 757, 759; Patton v. Western Carolina Educational Co., 101 N.C. 408, 8 S.E. 140.

We believe the court correctly required the removal of the locks, but we are of the opinion the court should have rendered judgment also requiring the removal of the gates from the roadway.

■ The record does not disclose whether at the time of the reservation the road in question was then in use, and, if so, whether it was then obstructed by gates. There is evidence in the record that is unintelligible to an appellate court by reason of reference of the witnesses to "here" and "there" and the like, when they were testifying with reference to a plat exhibited to the witnesses and to the court, but not in the record on appeal. It is not evident that the case has been fully developed, and for that reason we do not deem it proper to render judgment. Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178; Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031; Lone Star Gas Co. v. Holifield, Tex.Civ.App., 150 S.W.2d 282, 287; Parker v. Cameron, Tex.Civ.App., 125 S.W.2d 353, 354; Hardware Mut. Casualty Co. v. Riddle, Tex.Civ.App., 142 S.W.2d 312.

The judgment is reversed and the cause remanded.