## SCARBOROUGH v. TRAVELERS INS. CO.

### No. 11713.

Court of Civil Appeals of Texas. Galveston.

June 28, 1945.

Rehearing Denied July 19, 1945.

Spiner & Pritchard, of Houston, for appellant.

William M. Ryan, of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workmen's compensation case brought by appellant, T. T. Scarborough, to set aside an award of the Industrial Accident Board in favor of appellee, the Travelers Insurance Company, and to recover compensation for permanent total incapacity, alleged to have been the result of an injury sustained by appellant in the course of his employment with the Houston Shipbuilding Company, who carried compensation insurance with appellee.

Appellee answered by general and special denials and by plea that appellant's disability, if any, was temporary and partial. rather than permanent and total.

It is undisputed in the record that appellant was injured in the course of his employment with the Houston Shipbuilding Company by falling from a scaffold and injuring his back, and it was stipulated by the parties that his average weekly wage prior to his injury was $70 per week. The jury found in response to special issues submitted that appellant had suffered a permanent partial incapacity and that the percentage of the incapacity sustained by him as a result of the fall was 85%. No issue as to appellant's wage earning capacity during his incapacity was requested by plaintiff or submitted by the trial court. The trial court overruled appellant's motion for judgment in his favor and rendered judgment in favor of appellee that appellant take nothing by his suit.

The Workmen's Compensation Act of the State of Texas, Article 8306, Revised Civil Statutes, provides for compensation for both general incapacity and for specific injury.

Section 11 of said Article 8306 deals with partial general incapacity and fixes the measure of compensation to be paid an injured employee at 60% of the difference between the average weekly wages before the injury and his average weekly wage

earning capacity during the existence of such partial incapacity, but in no case more than $20 per week.

Section 12 of said Article 8306 deals with specific injury, including the loss of various members of the body. It provides that for partial incapacity to a specific member of the body the measure of compensation shall be 60% of the average weekly wages of the employee, but not to exceed "$20.00 per week, multiplied by the percentage of the incapacity caused by the injury."

It is undisputed that appellant, T. T. Scarborough, sustained an injury to his back as the result of a fall. His partial incapacity to work after his injury was, therefore, a partial incapacity resulting from a general injury and not from an injury to a specific member of the body the compensation rate for which is to be determined under said Section 11 of Article 8306, under which he is entitled to recover 60% of the difference between his average weekly wages earned prior to his injury and his average weekly wage earning capacity during the existence of his partial incapacity, within the statutory limitation of 300 weeks.

It was stipulated by the parties that appellant's average weekly wage prior to his injury was $70. The jury found that appellant had sustained 85% incapacity as a result of his fall. It is contended by appellant that the finding of the jury of appellant's 85% incapacity was equivalent to a finding that appellant's earning capacity per week subsequent to his injury was $10.50; that $59.50 was the difference between appellant's average weekly wages prior to the injury and that his earning capacity subsequent to the injury, 60% of said difference, was $35.70. Appellant contends that, this amount being in excess of the statutory limitation of $20, appellant's recovery is automatically reduced to $20 per week for a period of 300 weeks.

In the recent case of Federal Underwriters Exchange v. Price, Tex.Civ.App., 145 S.W.2d 951, 958, writ dismissed, correct judgment, the questions involved were similar in all material respects to those in the case at bar, in that the jury in that case found that plaintiff's average weekly wage prior to his injury was $28 and that he had suffered 75% disability. The court in its opinion said: "* * * While it may be preferable to ask the jury to find in dollars and cents the difference between the average weekly wage prior to the injury and the wage earning capacity subsequent to the injury * * * (or better still, to have a finding of plaintiff's average weekly wage prior to the injury and a finding of his average weekly wage earning capacity during the existence of his partial incapacity), there is no reason to believe that a different compensation rate would have resulted." The court stated in its opinion that the manner in which said issues were submitted in that case had been held not to be reversible error in Traders & General Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, 768, writ dismissed, and in Siller v. United States Fidelity & Guaranty Co., Tex.Civ.App., 93 S.W.2d 529, 530, writ dismissed, and that it had been unable to find any cases where such manner of submission alone was held to be reversible error. (Citing authorities.)

It is apparent from the record in the instant case that appellant sustained an injury in the course of his employment with the Houston Shipbuilding Company and that under above authorities he is entitled to have the case remanded for another trial. While it is possible under the stipulation as to the amount of appellant's average weekly wages before his injury and the jury's finding as to the percentage of the incapacity sustained by him as the result of his injury to determine his average weekly wage earning capacity during the existence of partial incapacity, in view of the fact that appellee contends and the record shows that appellant's actual earnings during at least 30 of the 40 weeks intervening between the date of the injury and the date of the trial were more than his earnings before the injury, and in view of the fact that the trial court who heard the evidence declined to enter judgment in favor of appellant on the record presented we think that the ends of justice would be better served by remanding the cause for a new trial at which the evidence as to appellant's incapacity may be developed and a jury finding may be had as to appellant's average weekly wage earning capacity during the existence of his partial incapacity.

We are supported in our conclusion to remand rather than render by the following authorities: Hardware Mutual Casualty Co. v. Riddle et ux., Tex.Civ.App., 142 S.W.2d 312, and the authorities there cited; Waldo v. Galveston H. & S. A. Ry. Co., Tex.Com.App., 50 S.W.2d 274.

Reversed and remanded.