Victor Anthony **GERSTNER**, Appellant,

v.

Woodrow F. **WILHELM**, et
ux., Appellees.

No. 12968.

Court of Civil Appeals of Texas,
Austin.

Aug. 1, 1979.

Rehearing Denied Aug. 22, 1979.

Craig E. Davis, Austin, for appellant.

James H. Arnold, Jr., Austin, for appellees.

PHILLIPS, Chief Justice.

This case involves interference with an easement of right of way over appellant's property. Pursuant to findings by a jury, the trial court awarded appellees damages, including punitive damages and enjoined appellant from any further interference.

We affirm the judgment.

The parties hereto each purchased a fifteen-acre tract of land within a few months' time of one another. Both tracts were purchased from the same seller. Appellant's tract was long and narrow and abutted a roadway. Appellees' tract was rectangular in shape and adjoined appellant's tract on the end opposite the roadway. The only way that appellee could reach his property was over a right of way easement along one edge of appellant's narrow strip, which easement was granted to appellees by the seller. There is no conflict over the existence or the location of the easement which granted appellees ". . . the free and uninterrupted use, liberty and easement of passing in and along a certain passageway or road across the said premises . . . and being 40 feet in width and to use such passageway or road at all times in common with the Grantee . . ."

The case was well developed, there being a statement of facts of some 440 pages. The jury found that appellant interfered with appellees' use of the easement, that the interference caused $700 damage to the road, $770 damage for loss of use of the road easement, no damage for mental anguish, and $1400 in exemplary damages for "heedless and reckless" disregard of appellees' rights.

The judgment also granted an injunction requiring removal of both gates and portions of the adjoining fences so as to leave two 40-foot openings, and prohibiting appellant from interfering with the roadway or with appellees.

Appellant is before us on seventeen points of error which devolve into several principal questions.

■ The first is whether or not appellant interfered with appellees' right of ingress and egress over the right of way and the concomitant questions as to the *quan-*tum of the evidence necessary to establish such interference. We hold that there was ample evidence of such interference so as to sustain the jury's findings as to actual damage to the road and the damages for loss of use of the road.

In summary, appellant "root plowed" the easement making passage difficult, plowed certain portions of his land so as to cause excessive drainage over a part of the easement, making passage difficult in wet weather and, in addition, actually threatened to shoot appellee with a shot gun due to the easement controversy. There is also evidence of expenditures made by appellees on the roadway which, because of appellant's actions with respect thereto, were wasted.

■ The jury found that appellant through his acts and conduct with respect to the easement acted in heedless and reckless disregard of the appellee's rights and those of his wife. The accompanying definition of "heedless and reckless disregard" was that it means more than momentary thoughtlessness, inadvertence, or error of judgment. It means such an entire want of care as to show conscious indifference to the rights, welfare, or safety of the person affected. The award was $1400 for punitive damages. Exemplary damages may be awarded if the act causing actual damages is a wrongful act done intentionally in violation of the rights of the plaintiff. *Tennessee Gas Transmission Co. v. Moorhead,* 405 S.W.2d 81 (Tex.Civ.App.1966, writ ref'd n. r. e.).

■ In our judgment the evidence supports these findings. Not only was appellant's physical conduct with respect to the right of way intentional, willful and well calculated, but his threat to appellees could only be described as malicious and, in fact, caused appellees to practically abandon the use of their property for nearly a year. When they did go to the property, they did

not use the easement at all but proceeded through an adjoining field belonging to a neighbor.

■ Appellant has a point of error that the evidence relating to the threat was inadmissible, but does not make any argument or cite any authority in support. Points of error are required to be supported by argument and authority, Tex.R.Civ.P. 418(e), and if not supported, the points are waived. *Nolan v. Bettis,* 577 S.W.2d 551 (Tex.Civ.App.1979, writ ref'd n. r. e.); *Rayburn v. Giles,* 182 S.W.2d 9 (Tex.Civ.App. 1944, writ ref'd). The point is overruled.

■ Appellant alleges error of the trial court in refusing to submit a special issue as to whether appellant "instructed or consented to the communication of a threat of future harm to Plaintiffs from Defendant." There was no error in refusing to submit the issue, because appellant's consent is immaterial. It only matters that the threat was conveyed to appellees, and that they suffered actual damages as a consequence.

■ Appellant's next points concern the injunction requiring removal of gates and fences. The language of the easement is that the appellees should have "free and uninterrupted use, liberty and easement of passing . . . " Whether the appellees have a right to a roadway free from gates and bars depends upon the terms of the grant, its purpose, the nature and situation of the property, and the manner in which it is used. See *Arden v. Boone,* 221 S.W. 265 (Tex.Comm'n App.1920, jdgmt approved); *Burns v. McDaniel,* 158 S.W.2d 826 (Tex. Civ.App.1942, no writ). There was evidence in the record that prior to appellant's purchase of his land, the seller explained to him in a letter and over the phone that if the roadway was ever fenced the fence was to be along his side of the roadway. It is, therefore, a reasonable construction of the terms of the easement that appellees were to have a way free of gates and fences.

■ Appellant contends error by the trial court in failure to submit a requested instruction. It stated:

"Whether the plaintiffs are entitled to a right of way easement unobstructed by gates depends upon:

1. the terms of the grant of the easement in the contract of sale,

2. the provision for which the grant was made,

3. the nature and situation of the property, and

4. the manner in which the property had been used before the grant of the easement."

There is no doubt that appellant's requested instruction is a correct statement of the law. However, the trial court did submit an instruction, to which appellant did not object. Appellant is only complaining of the omission of the above quoted material. See Hodges, *Special Issue Submission in Texas,* § 65 at 162 (1959). The instruction given by the court was:

"You are instructed that the owner of property which is subject to an easement has the absolute right to use the easement in a manner not inconsistent with the purpose for which the easement was intended. The owner of property which is subject to an easement has the duty to abstain from any use of the property which hinders or obstructs the easement holder in his enjoyment of the easement and the use and purposes for which the easement was created."

The court further instructed the jury as to the meaning of "free and uninterrupted."

In our view, the requested instruction was only a variation of the instruction that was given and would not have materially aided the jury in arriving at its verdict. See *Yellow Cab and Baggage Co. v. Green,* 154 Tex. 330, 277 S.W.2d 92 (1955). The trial court did not commit error in refusing the requested instruction.

Because of the language of the easement and the factual circumstances surrounding the grant, the court properly entered judgment that Gerstner remove the fences and gates. *Stuart v. Larrabee,* 14 S.W.2d 316 (Tex.Civ.App.1929, writ ref'd).

The judgment of the trial court is in all things affirmed.