**Tommy LECK and Barbara Leck,**
**Individually and dba Everman**
**Ins. Agency, Appellants,**

v.

**EMPLOYERS CASUALTY COMPANY,**
et al., Appellees.

No. 2–81–026–CV.

Court of Appeals of Texas, Fort Worth.

June 3, 1982.

Don Driver, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Munn & Collins and William B. David, Mark C. Hill, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from an order granting temporary injunction to plaintiffs, Employers Casualty Company, et al. (hereinafter Employers) in a suit to enforce an agreement by defendant, Tommy Leck, not to compete with his employer for a period of two years upon termination of his employment contract.

We affirm.

Employers brought suit against Tommy Leck to enjoin him from continuing to break a covenant not to compete which he executed as a part of his employment contract at the time he became an agent for Employers. Plaintiffs also sought to enjoin Barbara Leck from soliciting or contacting any of its customers, utilizing customer information obtained from her husband, and from continuing to assist her husband in breaching his contract.

The district court modified a previously entered temporary restraining order and granted a temporary injunction.

Appellants contend that the trial court erred in granting the temporary injunction because the evidence produced did not establish a probable right of recovery or a probable injury and the temporary injunction is unreasonably broad.

The Employers companies are direct writers of insurance coverage operating through exclusive agents. The contract executed in 1974 between Tommy Leck and J. D. Bumpas, on behalf of Employers, was a Personal Lines Agents' Agreement in which Leck agreed to exclusively represent Employers in a seven county area of north central Texas. The contract provides that "In the event of cancellation or termination of this agreement by either party, for whatsoever reason, it is mutually agreed:

"(1) That, for a period of two years from the effective date of such cancellation or termination, the Agent shall not directly or indirectly, in any manner, solicit, accept or service for or on behalf of himself or any insurer, agent or broker, any insurance business of any kind or character which insurance business may or might be written by any of the Companies. . . ."

The agreement further provides that the companies have the right to enforce the specific performance of the agreements and that in the event of breach by the Agent, "immediate and irreparable injury, loss and damage will result to the good will and business of the Companies and that a restraining order and injunction may be issued and entered against the Agent."

It is undisputed that Employers terminated its employment contract with Tommy Leck on August 10, 1981.

It is uncontroverted that Tommy Leck understood and agreed to the provisions of his contract restricting his competition with Employers for a period of two years from the date of his termination of employment.

It is clear from the record that Tommy Leck has violated this provision of his employment contract.

Evidence introduced at trial included testimony that Tommy Leck gave access to his files on Employers' customers to Barbara. Barbara then drafted a letter and sent it to several of Employers' customers which contained the following language:

"Please be advised that I am willing to help in any way possible; due to Tommy's contract, he can not directly or indirectly solicit your business.

"I am writing this letter completely and fully without his knowledge.

"If we at Everman Insurance Agency can be of service in the future, please contact us as Tommy can not you. . . .

"Thanks for your time and feel free to call Tommy or I at any time we can be of help."

Barbara also made it clear by her testimony that she would continue to divert Employers' customers.

The order granting temporary injunction enjoined Tommy Leck and all other persons in active concert with him from "soliciting, accepting or servicing on behalf of himself

or any insurer or other person several types of insurance within the district composed of Dallas, Tarrant, Parker and Johnson counties, Texas; from soliciting any agent to become directly or indirectly the agent or representative of any any other insurer; and from using or divulging any information or lists concerning any policyholders of the plaintiffs." A Writ of Injunction was issued enjoining Barbara Leck from contacting any assured of the plaintiffs in the same counties above for the purpose of inducing them to modify, cancel, or change their policy or policies of insurance or utilizing in any manner information received by her by reason of the agency that once existed between her and Tommy Leck and from inducing, conspiring or assisting Tommy Leck in breaching his agreement with the plaintiffs.

To establish a right to the issuance of a temporary injunction the applicant must show immediate and irreparable injury, the absence of an adequate legal remedy, and a probable right to recovery. *Arkansas Louisiana Gas Co. v. Fender*, 593 S.W.2d 122 (Tex.Civ.App.—Tyler 1979, no writ).

■ Appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order, accordingly the merits of the underlying case ordinarily are not presented for appellate review. Appellate review of such an order is usually limited to determination of whether there has been clear abuse of discretion by the trial court. Tex.Rev.Civ.Stat.Ann. art. 4662. See *Davis v. Huey*, 571 S.W.2d 859 (Tex. 1978). To warrant a temporary injunction an applicant is not required to establish that he will prevail on final trial but need only plead a cause of action and show probable right on final trial to the relief he seeks and probable injury in the interim. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216 (Tex.1968).

■ As injunctive relief relates to interference with an employer's business or occupation, due to a breach of the covenant not to compete with his employer by the employee, the general rule is that "Acts committed, without just cause, which inter-

fere with the carrying on of the plaintiff's business and destroys his custom, credit or profits, to his irreparable injury, may be enjoined if there is no adequate remedy at law." 43A C.J.S. Injunctions sec. 138 (1945). The Texas courts have qualified this basic rule while applying the laws of contracts and equity as specific cases and controversies have arisen and have uniformly agreed that in order to be valid, a promise imposing a restraint in trade or occupation must be reasonable. Unreasonable Restrictive Covenants in Employment Contracts. 15 South Texas L.J. 289 (1974). In considering what is reasonable three areas are considered: (1) whether the promise is broader than is necessary for the protection of the covenantee in some legitimate interests; (2) the effect of the promise or agreement upon the covenantor; and (3) the effect of the promise or agreement upon the public welfare or common good. 14 Williston Contracts sec. 1636 (3d ed. 1972).

■ The law is settled that covenants not to compete, reasonable in duration and geographical scope, will be upheld. *Weatherford Oil Tool Company v. Campbell*, 161 Tex. 310, 340 S.W.2d 950 (1960). V.T.C.A. Bus. and C. Secs. 15.02–15.04. See also *Bowen v. Wohl Shoe Company*, 389 F.Supp. 572 (1975).

■ The test of reasonableness of a covenant not to compete is generally stated to be whether restraint is reasonably necessary to protect business and good will of the former employer. *Ennis v. Interstate Distributors, Inc.*, 598 S.W.2d 903 (Tex.Civ. App.—Dallas 1980, no writ).

■ The question whether a covenant against competition is reasonable as to time and area is for the trial court's determination upon circumstances of the case. *Custom Drapery Co., Inc. v. Hardwick*, 531 S.W.2d 160 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

■ In this case the evidence is sufficient to show injury to the appellees through the harm to their business by diverting customers away from them. This threat is both

**454**

immediate and irreparable. No other legal remedy could compensate them for the loss of customers and good will during the interim period prior to determination of the merits of the suit.

Appellants argue that the injunction is unreasonably broad.

 The Restatement of Contracts, sec. 515 provides that, absent any statutory authorization or dominant social or economic justification, a restraint of trade is unreasonable if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. It further states that the period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement. *Weatherford Oil Tool Co. v. Campbell*, supra.

It is evident that as an employee's job level rises and as that job becomes more specialized and unique, and as his job requires more personal contact with the customers he must serve, the likelihood that a restrictive covenant will be enforced against him increases greatly. 15 South Texas L.J. 294, supra. The relationships an employee builds between himself and his customers are extremely valuable to both the salesman and his company and the need for such cordiality and confidence grows in proportion to the competitiveness of the business. 15 South Texas L.J. 294, supra.

Selling insurance is a highly competitive enterprise which greatly depends upon the strength of the relationship between the agent and his customer. In this case the district court has taken measures necessary to protect appellees from the loss of good will in their business by the acts of the appellants.

It is not for this court to determine the merits of the appellees' claim, but this court must rule on the district court's decision to maintain the status quo pending final adjudication of the dispute.

We find that the limit on the time, the geographical area, and the types of insur-

ance, included as set forth in the temporary injunction are reasonable, and there was no abuse of discretion by the trial court.

*Judgment affirmed.*