**INVESTORS DIVERSIFIED SERVICES, INC., et al., Appellants,**

v.

**Ronald E. McELROY, Appellee.**

**No. 2771cv.**

Court of Appeals of Texas, Corpus Christi.

Nov. 18, 1982.

Joseph A. Cohn, Jr., Wood & Burney, Corpus Christi, for appellants.

Allen S. Lawrence, Jr., Ellis, Andrews & Lawrence, Inc., Aransas Pass, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This action was brought by Investors Diversified Services, Inc., et al, against its former employee, Ronald E. McElroy, to enforce the following noncompetition covenant in an employment contract executed during the latter's employment:

> "For a period of one year following termination of this Agreement, Second Party will not directly or indirectly offer for sale, sell, or solicit an application for any security issued by any company to or from the holder of any security issued or distributed by Distributor ... if Second Party contacted or dealt with such holder during the course of or by reason of Second Party's representation of Distributor, or if the identity of such person was learned by Second Party by reason of his representation of Distributor and affiliated companies."

A temporary restraining order containing the language set out above was granted restraining appellee from selling to or soliciting from the 150 customers here applicable any type of securities. Following a hearing, a temporary injunction issued ordering the appellee to refrain from selling or soliciting securities, but only the type of

securities which appellant had to offer. The appellee was thereby free to continue to offer to these 150 customers any investments or services appellant did not offer.

The trial court found that prior to working for the appellants appellee had no training or experience as a salesman of securities. The appellants provided guidance and technical instruction to the appellee for almost three years. Appellant gave appellee fifty customer accounts upon which to build.

■ The test to determine the validity of a noncompetition covenant is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business *and goodwill* of the employer. *Weatherford Oil Tool Company v. Campbell,* 161 Tex. 310, 340 S.W.2d 950, 951 (1960).

■ The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement. *Weatherford,* supra, at 951. The one year restraint involved here is certainly reasonable, as two to five years have repeatedly been held to be reasonable. *AMF Tuboscope v. McBryde,* 618 S.W.2d 105, 108 (Tex.Civ.App.—Corpus Christi 1981, no writ). Additionally, the restriction was limited to 150 current customers of the appellant, with whom the appellee had contacted or dealt with. It has been held repeatedly that a noncompetition agreement is enforceable in "the area where the employee had worked for his former employer." *AMF Tuboscope,* supra, at 108. The noncompetition covenant was valid.

■ The only issue remaining is what should appellee be restrained from selling. Appellant contends that the court erred in its construction of the contract in holding that the sale of the excepted securities would not constitute competition and should not therefore be restrained. We agree. The injury to the appellants is the diversion of their customers and of their goodwill upon which the business of selling securities so heavily relies. The competition here is for the investable income of these 150 customers and which is what appellant seeks to prevent. For one year the appellants' new agent would have a chance to pick up where the appellee left off, without competition. As our courts have recognized, the more personal contact with the customers the job requires, the more likely a restrictive covenant will be enforced. *Leck v. Employers Casualty Company,* 635 S.W.2d 450, 453 (Tex.App.—Fort Worth 1982, no writ).

The appellee relies on *Norton v. Integral Corp.,* 584 S.W.2d 932 (Tex.Civ.App.—Austin 1979, no writ) and *Haig v. Gittings,* 260 S.W.2d 311 (Tex.Civ.App.—Dallas 1953, no writ), where the injunctive relief granted was held to be too broad because it prohibited employees from engaging in business activities in which the employer was not engaged. We find these cases are clearly distinguishable. *Norton* involved a corporate restructuring whereby the former employer no longer sold the product which the former employee wanted to sell. *Gittings* involved a former employer, who did only portrait photography, seeking to enjoin a former employee from taking any type of picture for commercial purposes.

The selling of securities is a highly competitive enterprise which depends to a large extent upon the strength of the relationship between the agent and his customer. *See Leck v. Employers Cas. Co.,* 635 S.W.2d 450 (Tex.App.—Fort Worth 1982, no writ). The appellants attempted to protect this relationship by its contract prohibiting an employee from selling " ... *any* security issued by any company ... " to any of appellants' existing security holders, with whom appellee had contracted or dealt with, for one year after termination. We find these conditions to be reasonable.

The case is reversed and remanded with instructions that a temporary injunction issue in accordance with this opinion.