**Timothy D. GRUBAUGH, Appellant,**

**v.**

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 2–84–119–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 10, 1984.

Gandy, Michener, Swindle, Whitaker & Pratt, Mack Ed Swindle, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, Estil A. Vance, David C. Bakutis, Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from an order by the trial court granting a temporary injunction enforcing a covenant not to compete in an employment contract.

Appellant was an insurance salesman for appellee, Texas Employers' Insurance Association (TEIA). As a condition of employment, when he began working in 1976, appellant signed a covenant not to compete. The covenant provided that upon termination of the employment relationship, appellant would not compete in any manner with appellee for a period of two years within Tarrant County. In the spring of 1983, appellant left his job with appellee and began working for another insurance company.

Appellee brought suit seeking a temporary and permanent injunction to enforce the covenant. After a hearing the trial court issued a temporary injunction to enforce the covenant, finding that: (1) appellant's competition with appellee harms appellee's business and good will, (2) the covenant not to compete is reasonable in time and area, (3) the covenant reasonably protects appellee's business and good will, and (4) State public policy would not be ad-

versely affected by the issuance of the temporary injunction. Appellant claims the injunction is overly broad and not reasonably necessary to protect the business and good will of the appellee.

We affirm.

 In this appeal the only question is whether the trial court abused its discretion in granting the injunction. An abuse of discretion arises when the trial court findings are not supported by some evidence of substantial and probative character. *City of Houston v. Southwestern Bell Tel. Co.*, 263 S.W.2d 169 (Tex.Civ.App.—Galveston 1953, writ ref'd n.r.e.). For a temporary injunction to issue the plaintiff must (1) plead a cause of action, (2) prove a probable right to recovery and (3) show there would be irreparable injury without the injunction.

Appellant testified that since starting his new job, he has written premiums estimated at $300,000 with fourteen former TEIA accounts. As we held in *Leck v. Employers Cas. Co.*, 635 S.W.2d 450 (Tex.App.—Fort Worth 1982, no writ), such an erosion of appellee's client base constitutes a serious threat to its business stability. Appellant tries to sidestep *Leck*, however, by claiming that he will no longer contact any of his former accounts. Such a promise inadequately protects appellee's legitimate business interests in the general market. The district manager of TEIA testified that non-compete covenants are needed to prevent former salesmen from benefitting from company maintained prospective customer lists. In addition TEIA's vice president testified that it considers everyone in the public as a potential customer.

Appellant contends that the injunction is unreasonably broad because it keeps appellant from soliciting in the general market, not just identified customers. We disagree. Appellee's business interest is not confined to its client base; it extends to the market as a whole.

Appellant also claims that the injunction imposes an undue hardship on him since it prevents him from working as an insurance salesman within Tarrant County. Appellant though, can freely practice his profession outside of Tarrant County. While the injunction discommodes appellant, it does not preclude him from earning his living as a professional insurance man. It is not unreasonably broad in area or time.

Judgment is affirmed.