David Gene MORRIS, Appellant,

v.

James A. COLLINS, Appellee.

No. 01–94–00289–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 1994.

Rehearing Denied Aug. 11, 1994.

David Gene Morris, Tenn. Colony, for appellant.

Dan Morales, Jorge Vega, Drew T. Durham, Ann Kraatz, Karen D. Matlock, Austin, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, an inmate incarcerated in the Texas Department of Criminal Justice, Institutional Division, filed a *pro se* and *in forma pauperis* application for writ of injunction. He sought to enjoin the director of the Institutional Division of the Department of Criminal Justice, appellee, from enforcing section 501.014(e) of the Government Code, which authorizes the director to withdraw funds from an inmate's account to pay specific court-ordered fees. TEX.GOV'T CODE ANN. § 501.014(e) (Vernon Supp.1994). The trial court denied the writ for injunction and declared the action frivolous under section 13.-001 of the Civil Practice and Remedies Code.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1994). We affirm.

### Statement of facts

Inmates in the Department of Corrections are not permitted to carry any money while incarcerated. Any money an inmate brings in or receives while incarcerated is taken and placed in a trust fund account that operates like a bank account. In 1993, the legislature passed section 501.014(e), which authorizes the director of TDCJ–ID, pursuant to a court order, to withdraw money from an inmate's account only to pay child support, restitution, fines, and court costs.

Appellant testified that he owed court costs.[1] The record shows no evidence that appellee has ever made any attempt or threats to withdraw the money owed from appellant's account. Appellant seeks to enjoin appellee from *ever* attempting to withdraw money from appellant's account pursuant to section 501.014(e). Appellant argues the statute cannot be applied retroactively to him[2] and that the statute is unconstitutionally vague.

■ The trial judge denied the writ for injunction, making five findings: (1) Section 501.014(e) is constitutional and not vague; (2) the statute may be applied retroactively; (3) plaintiff's claim of harm is speculative; (4) plaintiff had adequate due process prior to entry of the court order assessing costs against him; and (5) this action is frivolous under section 13.001 of the Civil Practice and Remedies Code.[3]

### Standard of review

■ Appellant claims as points of error that the judge was incorrect in each of these five findings. The standard of review when a trial court grants or denies a permanent injunction is limited to whether the trial court clearly abused its discretion. *Risk*

---

1. The record does not contain any proof that court costs were assessed or how much appellant owes.

2. Appellant was incarcerated prior to the enactment of section 501.014(e).

3. Section 13.001 only allows the trial court to *dismiss* an action for being frivolous, not to rule on the merits. The trial judge did not dismiss the case but denied the writ for injunction, which is a ruling on the merits. Because of our ruling on the judge's other four findings, appellant has not been harmed by this error.

*Managers Int'l v. State*, 858 S.W.2d 567, 569–70 (Tex.App.—Austin 1993, writ denied); *Priest v. Texas Animal Health Comm'n*, 780 S.W.2d 874, 875–76 (Tex.App.—Dallas 1989, no writ). An abuse of discretion in denying an injunction arises only when the trial court's findings are not supported by some evidence of substantial and probative character. *Grubaugh v. Texas Employers' Ins. Ass'n*, 677 S.W.2d 812, 814 (Tex.App.—Fort Worth 1984, writ dism'd); *City of Houston v. Southwestern Bell Tel. Co.*, 263 S.W.2d 169, 171 (Tex.Civ.App.—Galveston 1953, writ ref'd); *see also Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744–45 (Tex. 1986) (stating that findings of fact are generally the exclusive province of the trial court or jury).

 To be entitled to injunctive relief, the plaintiff must prove: "1) the existence of a wrongful act; 2) the existence of imminent harm; 3) the existence of irreparable injury; and 4) the absence of an adequate remedy at law." *Priest*, 780 S.W.2d at 874. Fear or apprehension of the possibility of injury is not sufficient. *Frey v. DeCordova Bend Estates Owners Ass'n*, 647 S.W.2d 246, 248 (Tex.1983); *Manufacturers Hanover Trust Co. v. Kingston Investors Corp.*, 819 S.W.2d 607, 611 (Tex.App.—Houston [1st Dist.] 1991, no writ). An injunction will not be issued to prevent injury that is purely conjectural or speculative. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *Manufacturers Hanover Trust Co.*, 819 S.W.2d at 611. The plaintiff must prove the defendant has attempted to or intends to harm the plaintiff in the future. *Frey*, 647 S.W.2d at 248. In other words, "an injunction will not issue unless it is shown that the ... [defendant] will engage in the activity enjoined." *State v. Morales*, 869 S.W.2d 941, 946–47 (Tex. 1994).

*Application to this case*

 The trial judge found, *inter alia*, that appellant's claim of harm is speculative. Because appellant's sole request for relief is injunctive, this finding by the judge is all that is necessary to deny appellant's request for an injunction. We must examine the record for some substantial and probative evidence to support the judge's finding. *Grubaugh*, 677 S.W.2d at 814; *Southwestern Bell*, 263 S.W.2d at 171.

We find evidence to support the trial judge's ruling that appellant's claim of harm is speculative. At the hearing, appellant was concerned about his rights "if" appellee withdrew money, hypothesizing about "if all of the sudden they decided to make the law retroactive and take funds out of the accounts." Appellant admitted that appellee had not even attempted or threatened to levy his account. For harm to be imminent and irreparable, the appellant must prove that appellee intends to or will withdraw money from the account. *Morales*, 869 S.W.2d at 946–47; *Frey*, 647 S.W.2d at 248. Appellant presented no evidence at all that suggests this future intent on the part of appellee, much less that it is imminent.

Appellant complains that the trial judge did not allow him the opportunity to present certain evidence to support his case. This evidence consists of a letter from a legislative aide who admits section 501.014(e) was passed specifically to garnish funds from certain types of inmates; a photocopy of section 501.014(e); a transcript of appellant's sentencing in 1977; and a copy of appellant's sentence showing that he owed $26.00 in court costs. Without commenting on the correctness of the judge's actions, we find that any error in not hearing the evidence was harmless because that evidence does not refute the finding that appellant's harm is speculative and not imminent.

We overrule appellant's point of error. The judgment of the trial court is affirmed.