Lloyd Glenn STEPHENSON, Jr. and
Beverly Stephenson, Appellants,

v.

VASTAR RESOURCES, INC., Appellee.

No. 13–01–702–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Oct. 24, 2002.

Dana Ruth Allison, Guy Allison, The Allison Law Firm, Brownsville, Kevin Michael Jordan, Robert B. Dunham, Shelby, Jordan & Dunham, L.L.P., Beaumont, for Appellants.

Leanne Johnson, John W. Johnson, Orgain Bell & Tucker, Beaumont, Harvey G. Brown, Jr., for Appellee.

Before Justices DORSEY, YAÑEZ, and AMIDEI.[1]

## OPINION

Opinion by Justice AMIDEI (Assigned).

Surface owners sued a pipeline operator to enjoin it from using and operating a pipeline across their land in Orange County, Texas, and to terminate the easement granting the pipeline right-of-way. Lloyd Glenn Stephenson, Jr. and Beverly Stephenson, appellants, appeal from a summary judgment granted in favor of Vastar Resources, Inc., appellees, and the denial of their motion for partial summary judgment.

Appellants claim in one issue, as a matter of law: (1) the easement has terminated; (2) appellee did not comply with the easement; and (3) appellee cannot transmit through the pipelines oil and gas which comes from sources outside the land which is a part of the mineral estate over the land. Appellee claims the issue is whether the trial court erred in granting its motion for summary judgment and denying appellants' motion for partial summary judgment, when as a matter of law, (a) the 1924 easement has not terminated or reverted, (b) appellee as the dominant estate owner properly exercised its rights under the easement, (c) appellee properly exercised its rights reserved or obtained by virtue of two deeds, and (d) the appellants were not entitled to a permanent injunction under the well-established rules of equity. While the parties did not agree on the answer to these issues, they seem to agree there are

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

no issues of fact and the determination of the case should be as a matter of law.

## Standard of Review

A party moving for summary judgment must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of its cause of action or defense as a matter of law. *Elliott–Williams Co., Inc. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999).

■ Contract construction is a matter of law for the trial court. *Id.*

■ It is well settled that the rules which control the courts in the construction of easements are, in general, the same as those applied to the construction of deeds and other written instruments. *Knox v. Pioneer Natural Gas Co.,* 321 S.W.2d 596, 602 (Tex.Civ.App.-El Paso 1959, writ ref'd n.r.e.).

A defendant moving for a traditional summary judgment on the whole case has the burden of establishing that, as a matter of law, the plaintiff has no cause of action against the defendant. *Am. Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 434 (Tex.1997); 3 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice (2d ed. 2000) § 18:8, note 77.

■ The grant or refusal of a permanent or temporary injunction is ordinarily within the trial court's sound discretion, and on appeal, review of the trial court's action is limited to the question of whether the trial court's action constituted a clear abuse of discretion. *Morris v. Collins,* 881 S.W.2d 138, 140 (Tex.App.-Houston [1st Dist.] 1994, writ denied).

## Procedural and Factual Background

Appellants' suit: (1) alleges that the easement which originally granted the right-of-way for appellee's pipeline, which crosses appellants' property, terminated by its terms because of its non-use for two years, and (2) seeks an order to prevent further use and the removal of the pipeline on a trespass theory. Appellee's motion for summary judgment on all claims was granted. Appellants' motion for partial summary judgment claiming trespass and requesting a permanent injunction was denied. Appellants' damage and separator tank claims were severed into a separate cause.

Appellee is the owner of the fee mineral estate under approximately 775,030 acres of land located within Jasper, Newton, Hardin, Tyler and Orange Counties, Texas. Appellants own the surface estate to 90 acres in Orange County located within said 775,030 acres. Also, appellee owns two pipelines, one 18″ in diameter and the other 10″ in diameter, which cross appellants' land, although portions of the 18″ line remaining on appellants' land only serve as a conduit for the newer 10″ pipeline. The 18″ pipeline was originally installed, used and maintained by appellee's predecessors-in-interest pursuant to an easement granted in 1924, which provides in pertinent part as follows:

WITNESSETH:

That the Party of the First Part, ... does hereby grant unto the Party of the Second Part a right-of-way to lay, construct, maintain, operate, repair and remove an oil and gas pipeline ... over, through, and upon ... the following lands....

... and shall have at all reasonable times the right of ingress to and egress from said lands for the purpose of laying, constructing, maintaining, operating, repairing, and removing, *in whole or in part,* ... said pipeline....

... grants ... the right to lay, construct, maintain, operate, repair and remove a *second* oil and gas pipeline over

the same lands and right-of-way granted above, parallel, and adjacent to the first pipeline and as near to same as practicable and in no event more than ten (10) feet therefrom, upon the payment ... of Twenty-five Cents ... per lineal rod. ... so long as the same shall be used for the purposes for which granted ... (Emphasis supplied)

The easement does not specify any required width or route of the right-of-way. The 10″ pipeline was laid pursuant to rights and mineral estate ownership reserved under 1916 deeds, which provide in pertinent part as follows:

... save and except all oil and gas, on, in and under the same, all of which are expressly reserved from this conveyance, with perpetual rights of ingress and egress to prospect for, take, use, enjoy and remove same as fully *as if this conveyance had not been made.* Also, reserving in said Houston Oil Company of Texas, its successors and assigns, the further right to build, or otherwise acquire, and to use and maintain upon said premises, all such buildings, derricks, tanks, reservoirs, pipe lines, tram roads, railroads, telegraph lines, or other improvements or equipment of any character whatsoever, which the said Houston Oil Company of Texas, its successors or assigns, may find necessary, proper or convenient in taking, using, enjoying or removing said oil and gas from said lands, with perpetual right of ingress and egress to utilize said right. (Emphasis supplied).

### Arguments, Discussion and Decision

■ Appellants claim that under paragraph VII of the 1924 easement, the easement terminated as of January 1997, prior to appellee's acquisition of the pipeline because Midcon, appellee's predecessor-in-interest, failed to use the 18″ pipeline for a period of two years. Paragraph VII provides as follows:

It is agreed that this right-of-way and easement hereby granted shall end and terminate and said premises shall revert absolutely to the Party of the First Part, its successors and assigns, when at any time said pipeline or lines on said lands are not used for a period of two (2) years, provided a request for such removal is made in writing by the Party of the First Part, and should said Party of the Second Part fail or refuse to remove said pipeline or lines or other improvements within a period of one (1) year after such written request, such pipe or pipelines or other material and improvements located thereon shall be forfeited to and become the property of the Party of the First Part, its successors and assigns, and the said Party of the Second Part shall have no other and further rights hereunder.

without defining the words, "not used" or whether it refers to the cessation of any use of the easement over the entire easement area, or merely the cessation of transporting natural gas through part of the pipeline.

The two-year "non use" of the pipeline as alleged by appellants began in December 1995, when Midcon deactivated and purged gas from a 16.5 mile section of the 18″ pipeline. A less than one-half (½) mile portion of the 16.5 mile section crossed appellants' land. However, Midcon continued to use the pipeline until July 1997, when it sold the 16.5 mile section of its 18″ pipeline and easement rights to appellee. Its use of the pipeline was evidenced by maintaining, use of cathodic protection, inspection (by walking and aerial), mowing, cutting and keeping up the pipeline and right-of-way. Also, Midcon continued to use the 18″ pipeline across the remainder of the lands under the 1924 easement. In

1997, after appellee made pressure tests and safety checks, replaced the pipeline because of safety reasons. After notifying the surface estate owners, appellee replaced the 16.5 miles of 18″ line with a 10″ line, which was completed on appellants' land[2] by November 1998. Appellee did not remove the 18″ line, but used portions of the deactivated line as conduit for the 10″ line at certain road or bridge crossings. Appellee has been transporting its gas through the new 10″ line since January of 1999.

As a matter of law, the undisputed facts of Midcon's and appellee's use of the pipeline across appellants' land preclude termination of the easement under said paragraph VII on the basis of non-use.

■ In addition, in any event, appellee's interpretation of paragraph VII is that termination can only occur if the pipeline, which extends over the 775,030 acres of the easement area, is not used in any way for two years; and since it does not provide for termination for partial non-use, two years of non-use, of the part of the pipeline crossing appellants' 90 acres, even if true, could not terminate the easement.

Appellants interpret paragraph VII to mean that two years of not transporting gas in the pipeline on appellants' 90 acres, without any consideration of the pipeline's use in the remaining area of the easement, is sufficient to terminate the easement.

■■ These conflicting interpretations point up the uncertainty of paragraph VII in not specifying the area or size of the area where the "non use" must occur within the easement to effect a termination. Such an uncertainty will not invalidate the easement, *Strauch v. Coastal States Crude Gathering Co.*, 424 S.W.2d 677, 681 (Tex. Civ.App.-Corpus Christi 1968, writ dism'd), and will not support a forfeiture. *Ryan v. Kent*, 36 S.W.2d 1007, 1011 (Tex. Comm'n App.1931, holding approved) (Forfeitures are not favored at law and will only be decreed where the provision therefore is clear and specific). Further, if an easement is fairly susceptible of two interpretations, it should be so construed as to prevent a forfeiture of the rights granted thereunder. *Id.; see also Decker v. Kirlicks*, 110 Tex. 90, 216 S.W. 385, 386 (1919); *Wisdom v. Minchen*, 154 S.W.2d 330, 334 (Tex.Civ.App.-Galveston 1941, writ ref'd w.o.m.); *Mound Co. v. Texas Co.*, 298 F.2d 905, 908 (5th Cir.1962) (In construing the lease, if its language is reasonably susceptible of a construction, argued for by one of the parties, that prevents a forfeiture, such construction is to be preferred to one resulting in a forfeiture). *Houston Pipe Line Co. v. Dwyer*, 374 S.W.2d 662 (Tex. 1964), cited by appellants, does not support their suit for termination of easement rights.

■ Appellants further argue that the appellees did not acquire from Midcon all of the easement and other rights originally granted and reserved in 1924 and 1916 because the conveyance to appellee limited its rights by the language as follows:

[o]nly such rights of way and easements are being conveyed and assigned as may be reasonably necessary or proper in connection with the use, operation, maintenance, repair, replacement or removal of the pipelines and related appurtenances being conveyed to Vastar Resources, Inc. with MidCon Texas Pipe-

2. The 10″ pipeline traverses appellants' land approximately 2357.31 feet South to North within the original easement area. Ninety-nine percent of the pipeline is parallel with the 18″ pipeline and within 5–10 feet of the 18″ pipeline. The location of Pipeline Road, a county road, required routing the 10″ pipeline under the 18″ pipeline to continue on the opposite side.

line, L.P. and MidCon Texas Pipeline Operator, Inc. reserving unto themselves and their successors and assigns all other rights, title and interests held under the instruments.

However, appellants do not explain how such language limits appellee to the single "line" discussed in the 1924 easement and cites no authority to support such argument. The provision merely reaffirms that appellee shall have all the rights reasonably necessary or proper regarding the pipeline but doesn't operate to terminate the easement in the event of its unreasonable or improper conduct in such connection. Appellants have not proven appellee's conduct was unreasonable or improper. Even if appellee or Midcon transported some gas produced from outside the appellants' mineral estate, or laid the 10″ line a few feet too far from the previous line, such conduct could only be claimed as breaches of covenants and not as the basis for termination of the easement. *Henshaw v. Tex. Natural Res. Found.*, 147 Tex. 436, 216 S.W.2d 566, 570 (1949). The language in the 1916 deed reserving rights of ingress and egress as fully *as if the conveyance had not been made* precludes appellants' trespass claims because the severed mineral estate is the dominant estate and the surface use must yield to the development of the minerals. *Landreth v. Melendez*, 948 S.W.2d 76, 81 (Tex.App.-Amarillo 1997, no writ); *Property Owners of Leisure Land, Inc. v. Woolf & Magee, Inc.*, 786 S.W.2d 757, 760 (Tex.App.-Tyler 1990, no writ).

Further, there can be no termination under paragraph VII because appellants failed to make a written request to appellee to remove the pipeline as required by the paragraph, even assuming a two-year period of non-use of the pipeline.

As appellee's pipeline was located in a valid easement, the appellants are not entitled to the injunction they seek. *Orange County, Inc. v. Citgo Pipeline Co.*, 934 S.W.2d 472, 477 (Tex.App.-Beaumont 1996, no writ).

The trial court properly granted appellee's motion for summary judgment because appellants failed to prove any element of a cause of action against appellee, and appellee negated with its summary judgment proof the new 10″ pipeline and/or the temporary cessation of transporting natural gas through a relatively small section do not constitute abandonment of the easement or trespass. *Am. Tobacco Co.*, 951 S.W.2d at 434.

Appellants' issue is overruled.

We affirm the judgment of the trial court.