NUMBER
13-01-702-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

LLOYD GLENN STEPHENSON, JR. 

AND BEVERLY STEPHENSON,                                              Appellants,

 

                                                   v.

 

VASTAR RESOURCES, INC.,                                                   Appellee.

___________________________________________________________________

 

                        On
appeal from the 260th District Court

                                  of Orange County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

 

                     Before
Justices Dorsey, Yañez, and Amidei[1]

                                  Opinion
by Justice Amidei



 








Surface owners sued a pipeline operator to enjoin it from using
and operating a pipeline across their land in Orange County, Texas, and to
terminate the easement granting the pipeline right-of-way.  Lloyd Glenn Stephenson, Jr. and Beverly
Stephenson, appellants, appeal from a summary judgment granted in favor of
Vastar Resources, Inc., appellees, and the denial of their motion for partial
summary judgment.

Appellants claim in one issue, as a matter of law: (1) the
easement has terminated; (2) appellee did not comply with the easement; and (3)
appellee cannot transmit through the pipelines oil and gas which comes from
sources outside the land which is a part of the mineral estate over the land.
Appellee claims the issue is whether the trial court erred in granting its
motion for summary judgment and denying appellants= motion for
partial summary judgment, when as a matter of law, (a) the 1924 easement has
not terminated or reverted, (b) appellee as the dominant estate owner properly
exercised its rights under the easement, (c) appellee properly exercised its
rights reserved or obtained by virtue of two deeds, and (d) the appellants were
not entitled to a permanent injunction under the well-established rules of
equity.  While the parties did not agree
on the answer to these issues, they seem to agree there are no issues of fact
and the determination of the case should be as a matter of law. 

 

Standard of Review








A party moving for summary judgment must establish its right to
summary judgment on the issues expressly presented to the trial court by
conclusively proving all elements of its cause of action or defense as a matter
of law.  Elliot-Williams
Co., Inc. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999).

Contract
construction is a matter of law for the trial court. Id.

It is well settled that the rules which control the courts in
the construction of easements are, in general, the same as those applied to the
construction of deeds and other written instruments.  Knox v. Pioneer Natural Gas Co., 321
S.W.2d 596, 602 (Tex. Civ. App.BEl Paso 1959,
writ ref=d n.r.e.).

A defendant moving for a traditional summary judgment on the
whole case has the burden of establishing that, as a matter of law, the
plaintiff has no cause of action against the defendant.  Am. Tobacco Co., Inc. v.
Grinnell, 951 S.W.2d 420, 434 (Tex. 1997); 3 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil
Practice (2d ed. 2000) ' 18:8,
note 77.

The grant or refusal of a permanent or temporary injunction is
ordinarily within the trial court=s sound
discretion, and on appeal, review of the trial court=s action is
limited to the question of whether the trial court=s action
constituted a clear abuse of discretion. 
Morris v. Collins, 881 S.W.2d 138, 140 (Tex. App.BHouston [1st
Dist.] 1994, writ denied).

Procedural and Factual Background








Appellants= suit: (1)  alleges that the
easement which originally granted the right-of-way for appellee=s pipeline,
which crosses appellants= property,
terminated by its terms because of its non-use for two years, and (2) seeks an
order to prevent further use and the removal of the pipeline on a trespass
theory.  Appellee=s motion for
summary judgment on all claims was granted. Appellants= motion for
partial summary judgment claiming trespass and requesting a permanent
injunction was denied.  Appellants= damage and
separator tank claims were severed into a separate cause.

Appellee is the owner of the fee mineral estate under approximately
775,030 acres of land located within Jasper, Newton, Hardin, Tyler and Orange
Counties, Texas.  Appellants own the
surface estate to 90 acres in Orange County located within said 775,030 acres.  Also, appellee owns two pipelines, one 18@ in diameter
and the other 10@ in diameter,
which cross appellants= land, although
portions of the 18@ line remaining
on appellants= land only
serve as a conduit for the newer 10@ pipeline.  The 18@ pipeline was
originally installed, used and maintained by appellee=s
predecessors-in-interest pursuant to an easement granted in 1924, which
provides in pertinent part as follows:

WITNESSETH:

 

That
the Party of the First Part, . . . does hereby grant unto the Party of the Second
Part a right-of-way to lay, construct, maintain, operate, repair and remove an
oil and gas pipeline . . . over, through, and upon . . . the following lands. .
. .

 

.
. . and shall have at all reasonable times the right of ingress to and egress
from said lands for the purpose of laying, constructing, maintaining,
operating, repairing, and removing, in whole or in part, . . . said
pipeline. . . .

 








.
. . grants . . . the right to lay, construct, maintain, operate, repair and
remove a second oil and gas pipeline over the same lands        and right-of-way granted above, parallel,
and adjacent to the first pipeline and as near to same as practicable and in no
event more than ten (10) feet therefrom, upon the payment . . .  of Twenty-five Cents . . . per lineal rod.

 

.
. . so long as the same shall be used for the purposes
for which granted . . . (Emphasis supplied)

 

The easement does not specify any required
width or route of the right-of-way.  The
10" pipeline was laid pursuant to rights and mineral estate ownership reserved  under 1916
deeds, which provide in pertinent part as follows:

.
. . save and except all oil and gas, on, in and under
the same, all of which are expressly reserved from this conveyance, with
perpetual rights of ingress and egress to prospect for, take, use, enjoy and
remove same as fully as if this conveyance had not been made.  Also, reserving in said Houston Oil Company
of Texas, its successors and assigns, the further right to build, or otherwise
acquire, and to use and maintain upon said premises, all such buildings,
derricks, tanks, reservoirs, pipe lines, tram roads, railroads, telegraph
lines, or other improvements or equipment of any character whatsoever, which
the said Houston Oil Company of Texas, its successors or assigns, may find
necessary, proper or convenient in taking, using, enjoying or removing said oil
and gas from said lands, with perpetual right of ingress and egress to utilize
said right. (Emphasis supplied).

 

Arguments, Discussion and Decision

Appellants claim that under paragraph VII
of the 1924 easement,  the easement
terminated as of January 1997, prior to appellee=s acquisition of the pipeline because
Midcon, appellee=s
predecessor-in-interest, failed to use the 18@ pipeline for a period of two years.  Paragraph VII provides as follows:








It
is agreed that this right-of-way and easement hereby granted shall end and
terminate and said premises shall revert absolutely to the Party of the First
Part, its successors and assigns, when at any time said pipeline or lines on
said lands are not used for a period of two (2) years, provided a request for
such removal is made in writing by the Party of the First Part, and should said
Party of the Second Part fail or refuse to remove said pipeline or lines or
other improvements within a period of one (1) year after such written request,
such pipe or pipelines or other material and improvements located thereon shall
be forfeited to and become the property of the Party of the First Part, its
successors and assigns, and the said Party of the Second Part shall have no
other and further rights hereunder.

 

without defining the words, Anot used@ or whether it refers to the cessation of
any use of the easement over the entire easement area, or merely the cessation
of transporting natural gas through part of the pipeline.








The two-year Anon use@ of the
pipeline as alleged by appellants began in December 1995, when Midcon
deactivated and purged gas from a 16.5 mile section of the 18@ pipeline. A
less than one-half (2) mile portion
of the 16.5 mile section crossed appellants= land. 
However, Midcon continued to use the pipeline until July 1997, when it
sold the 16.5 mile section of its 18@ pipeline and
easement rights to appellee.  Its use of
the pipeline was evidenced by maintaining, use of cathodic protection,
inspection (by walking and aerial), mowing, cutting and keeping up the pipeline
and right-of-way.  Also, Midcon continued
to use the 18@ pipeline
across the remainder of the lands under the 1924 easement.  In 1997, after appellee made pressure tests
and safety checks, replaced the pipeline because of safety reasons.  After notifying the surface estate owners,
appellee replaced the 16.5 miles of 18@
line with a 10@ line, which
was completed on appellants= land[2]
by November 1998.  Appellee did not
remove the 18@ line, but used
portions of the deactivated line as conduit for the 10@ line at
certain road or bridge crossings. 
Appellee has been transporting its gas through the new 10@ line since
January of 1999.

As a matter of law, the undisputed facts
of Midcon=s and appellee=s use of the
pipeline across appellants= land preclude
termination of the easement under said paragraph VII on the basis of non-use.

In addition, in any event, appellee=s
interpretation of paragraph VII is that termination can only occur if the
pipeline, which extends over the 775,030 acres of the easement area, is not
used in any way for two years; and since it does not provide for termination
for partial non-use, two years of non-use, of the part of the pipeline crossing
appellants= 90 acres, even
if true, could not terminate the easement. 

Appellants interpret paragraph VII  to mean that two
years of not transporting gas in the pipeline on appellants= 90 acres,
without any consideration of the pipeline=s use in the
remaining area of the easement, is sufficient to terminate the easement. 








These conflicting interpretations point up
the uncertainty of paragraph VII in not specifying the area or size of the area
where the Anon use@ must occur
within the easement to effect a termination. 
Such an uncertainty will not invalidate the easement, Strauch v.
Coastal States Crude Gathering Co., 424 S.W.2d 677, 681 (Tex. Civ. App.BCorpus Christi
1968, writ dism=d), and will
not support a forfeiture.  Ryan v.
Kent, 36 S.W.2d 1007, 1011 (Tex. Comm=n App.1931,
holding approved) (Forfeitures are not favored at law and will only be decreed
where the provision therefore is clear and specific). Further, if an easement
is fairly susceptible of two interpretations, it should be so construed as to
prevent a forfeiture of the rights granted thereunder. Id.; see also
Decker v. Kirlicks, 110 Tex. 90, 216 S.W. 385, 386 (1919); Wisdom v.
Minchen, 154 S.W.2d 330, 334 (Tex. Civ. App.BGalveston 1941, writ ref=d w.o.m.); Mound
Co. v. Texas Co., 298 F.2d 905, 908 (5th Cir. 1962) (In construing the
lease, if its language is reasonably susceptible of a construction, argued for
by one of the parties, that prevents a forfeiture, such construction is to be
preferred to one resulting in a forfeiture). 
Houston Pipe Line Co. v. Dwyer, 374 S.W.2d 662 (Tex. 1964), cited
by appellants, does not support their suit for termination of easement rights.

Appellants further argue that the
appellees did not acquire from Midcon all of the easement and other rights originally
granted and reserved in 1924 and 1916 because the conveyance to appellee
limited its rights by the language as follows:

[o]nly
such rights of way and easements are being conveyed and assigned as may be
reasonably necessary or proper in connection with the use, operation,
maintenance, repair, replacement or removal of the pipelines and related
appurtenances being conveyed to Vastar Resources, Inc. with MidCon Texas
Pipeline, L.P. and MidCon Texas Pipeline Operator, Inc. reserving unto
themselves and their successors and assigns all other rights, title and
interests held under the instruments.

 








However, appellants do not explain how such language limits
appellee to the single Aline@ discussed in
the 1924 easement and cites no authority to support such argument.  The provision merely reaffirms that appellee
shall have all the rights reasonably necessary or proper regarding the pipeline
but doesn=t operate to
terminate the easement in the event of its unreasonable or improper conduct in
such connection.  Appellants have not
proven appellee=s conduct was
unreasonable or improper.  Even if appellee
or Midcon transported some gas produced from outside the appellants> mineral
estate, or laid the 10@ line a few
feet too far from the previous line, such conduct could only be claimed as
breaches of covenants and not as the basis for termination of the
easement.  Henshaw
v. Tex. Natural Res. Found., 216 S.W.2d 566, 570 (Tex. 1949).  The language in the 1916 deed reserving
rights of ingress and egress as fully as if the conveyance had not been made
precludes appellants= trespass
claims because the severed mineral estate is the dominant estate and the
surface use must yield to the development of the minerals.  Landreth v. Melandez, 948 S.W.2d 76,
81 (Tex. AppBAmarillo 1997,
no writ); Property Owners of Leisure Land, Inc. v. Woolf & Magee,
Inc., 786 S.W.2d 757, 760 (Tex. App.BTyler 1990, no
writ).

Further, there can be no termination under
paragraph VII because appellants failed to make a written request to appellee
to remove the pipeline as required by the paragraph, even assuming a two-year
period of non-use of the pipeline.

As appellee=s pipeline was located in a valid
easement, the appellants are not entitled to the injunction they seek.  Orange County, Inc. v. Citgo Pipeline Co.,
934 S.W.2d 472, 477 (Tex. App.BBeaumont 1996,
no writ).








The trial court properly granted appellee=s motion for
summary judgment because appellants failed to prove any element of a cause of
action against appellee, and appellee negated with its summary judgment proof
the new 10" pipeline and/or the temporary cessation of transporting
natural gas through a relatively small section do not constitute abandonment of
the easement or trespass.  Am. Tobacco
Co., 951 S.W.2d at 434.

Appellants= issue is overruled.

We affirm the judgment of the trial court.

      

  
                                                                          ________________________

MAURICE AMIDEI

JUSTICE

 

Publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 24th day of October,
2002.

 











[1]  Former Justice Maurice
Amidei assigned to this Court by the Chief Justice of the Supreme Court of
Texas pursuant to Tex. Gov=t Code
Ann. ' 74.003 (Vernon 1998).





[2]
The 10@ pipeline
traverses appellants= land  approximately
2357.31 feet South to North within the original easement area.  Ninety-nine percent of the pipeline is
parallel with the 18@ pipeline and
within 5-10 feet of the 18@
pipeline.  The location of Pipeline Road,
a county road, required routing the 10@
pipeline under the 18@ pipeline to
continue on the opposite side.