# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00054-CV

**John H. Spangle and Partners Rental Purchase, Inc., Appellants**

**v.**

**Patrick L. McGee, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-06-001595, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants John H. Spangle and Partners Rental Purchase, Inc. appeal the district court's judgment against them in this breach of contract action. Appellants challenge the sufficiency of the evidence to support the district court's award of damages to appellee Patrick L. McGee, and also challenge the district court's award of attorneys' fees. Appellants also contend that the district court erred in denying their counterclaim for injunctive relief. We affirm the judgment of the district court.

Spangle and McGee were owners and employees of Partners, which operated furniture and appliance stores at several locations in Texas. The parties entered into an "Agreement of Sale and Purchase" on October 31, 2005, under which McGee terminated his interest in Partners, and Spangle and Partners transferred ownership of the company's Waco and Gonzales stores to McGee and his new company, Your Way Rental Purchase.

On May 9, 2006, McGee filed suit for amounts allegedly owed under the Agreement and for an amount allegedly withheld from his final paycheck. Appellants asserted a counterclaim seeking injunctive relief, in accordance with the Agreement, barring McGee's continued use of the Partners business name and requiring McGee to return proprietary documents. Following a September 11, 2007 bench trial, the district court awarded McGee the unreimbursed cost of furniture delivered to Your Way's stores prior to November 1, 2005, and McGee's employee bonus for October 2005. The court also denied the injunctive relief sought by appellants.

In their first point on appeal, appellants contend that the evidence is legally and factually insufficient to support the district court's award of $5,212.39 for furniture purchased for the Waco and Gonzales stores. In reviewing a legal sufficiency challenge, we review the evidence in the light favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain appellants' complaint if the record reveals: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). In reviewing a factual sufficiency challenge, we must consider and weigh all the evidence in the record, both in support of and against the finding, to decide whether the judgment should be set aside. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635

(Tex. 1986). We will set aside the judgment for factual insufficiency only if the evidence that supports it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

Under the Agreement, appellants were required to pay for furniture purchased for the Waco and Gonzales stores if the furniture was delivered to those locations before November 1, 2005. Appellants challenge the sufficiency of the evidence that the furniture at issue was delivered before that date.

Appellants assert that McGee had no personal knowledge of or documentary evidence conclusively establishing the exact date on which the furniture in question—"Cross Creek" furniture purchased for $3,371.76 and "Ashley" furniture purchased for $1,840.63—was delivered. However, the invoice for the Cross Creek furniture showed a "ship date" of October 27, 2005, and McGee testified that the manufacturer was located thirty miles from the Waco store, where the furniture was delivered. He also testified that there was "no question in my mind" that the Cross Creek furniture was delivered prior to November 1. Similarly, the invoices for the Ashley furniture had "invoice dates" of October 27 and October 28, and McGee testified that the furniture was delivered to the Waco and Gonzales stores prior to November 1. Although appellants introduced into evidence an "Inventory Receiving Report" dated November 1, 2005, which included $566.79 worth of the Ashley furniture, McGee testified that it was the store's standard practice to log in furniture "a day or two later" than the date of actual receipt because of lack of necessary information on that date. Although Spangle testified that a furniture's inclusion on an inventory receiving report occurs on the date of delivery "to the best that it could be followed," he admitted that the packing slips

included with furniture on delivery do not always include the information necessary for immediate entry on the report. We hold that there was legally and factually sufficient evidence to support the trial court's finding that the furniture at issue was delivered on or before November 1, 2005.

Appellants also argue that they are not obligated to pay for the Cross Creek furniture because the invoice states that the furniture was billed to Your Way rather than Partners. However, the Agreement does not limit appellants' liability for inventory based on which entity is named on the invoice. The Agreement states that McGee is responsible for expenses "of the Waco and Gonzales stores," but that appellants remain liable for such expenses prior to November 1, 2005, including furniture delivered before that date. Moreover, contrary to appellants' argument that there is no evidence they ordered or authorized the Cross Creek purchase, McGee testified that he ordered the Cross Creek furniture on October 26, 2005, and—prior to the termination of his interest in Partners—his authority over Partners included "full inventory controls" for the Waco and Gonzales stores. In fact, Spangle agreed that, according to the Agreement, *any* furniture delivered prior to November 1 into the Waco or Gonzales store was the responsibility of Partners.

Spangle testified that Partners paid for all furniture received by the Waco and Gonzales stores in October 2005. McGee testified, in turn, that appellants did not reimburse him for the cost of either the Cross Creek furniture or the Ashley furniture. It is within the purview of the trial court, when acting as the fact-finder, to make credibility determinations as to conflicting witness testimony. *See Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 810 (Tex. App.—Austin 2004, pet. denied). We conclude that the evidence is legally and factually sufficient to support the trial court's finding that appellants had not reimbursed McGee for the furniture as they were

4

obligated to do in accordance with the Agreement and, therefore, that McGee was entitled to $5,212.39 in damages.

In their second point on appeal, appellants challenge the district court's award to McGee of $1,500 for his monthly bonus payment for October 2005. The Agreement states: "No prior or contemporaneous oral agreements, representations, understandings or otherwise shall have any legal or equitable force or effect, evidentiary, contractually, or otherwise, unless expressed and included in this Agreement and the documents contemplated by this Agreement." The parties agree that the monthly bonus payments were pursuant to a prior oral agreement. Appellants contend, therefore, that they were not obligated to pay McGee the October 2005 bonus amount.

However, it is "expressed and included" in the Agreement that Partners is responsible for liabilities from operations arising prior to November 1, 2005, including payroll obligations. According to McGee, his salary package included a base salary, a monthly car allowance, and the non-discretionary monthly bonus. During October 2005, McGee was an employee of Partners, and he received his monthly salary and car allowance for that month, but not the bonus. Spangle testified that the bonus payments were a form of equity distribution and not part of McGee's salary. Thus, there was conflicting testimony over the nature of the bonus payment. The trial court is the sole judge of the credibility of the witnesses. *See id.* We conclude that the evidence is sufficient to support the trial court's finding that appellants were liable for McGee's October bonus payment.

In their third point on appeal, appellants contend that the district court erred in denying their counterclaim for injunctive relief. The standard of review when a trial court denies a permanent injunction is abuse of discretion. *Capital Senior Mgmt. 1, Inc. v. Texas Dep't of Human*

5

*Servs.*, 132 S.W.3d 71, 74 (Tex. App.—Austin 2004, pet. denied). An abuse of discretion in denying an injunction occurs when the trial court's findings are not supported by some evidence of substantial and probative character. *Envoy Med. Sys., L.L.C. v. State*, 108 S.W.3d 333, 335 (Tex. App.—Austin 2003, no pet.).

Appellants sought an injunction against McGee's use of the business name of Partners Rental Purchase. Under the Agreement, McGee was required to cease and desist from any use of Partners's business name, and to have removed all signage containing the business name, by January 1, 2006. McGee admitted that the signage at the Waco store was not replaced until February 2006, and there was a dispute at trial regarding whether the removal of Partners signage from a Your Way delivery truck occurred on or before October 25, 2006. McGee further testified, however, that no Partners signage remained as of the time of trial and that there was no risk of any future use of Partners's business name by McGee or Your Way. Moreover, Spangle admitted that he had no knowledge of any continued use of Partners Rental Purchase signage by McGee, but had only "somewhat of a small concern that he will use his background with Partners to benefit him."

Appellants also sought an injunction requiring McGee to deliver all of Partners's proprietary documents to Partners. The Agreement required McGee to return any such documents by November 15, 2005. McGee admitted that he failed to comply with this requirement, but testified that he had instead destroyed all such documents and, therefore, no longer had any of Partners's proprietary documents to return. Spangle testified that the proprietary information on the documents "could be useful to someone in a competitive position," but that he had no personal knowledge whether McGee did or did not possess any such documents.

6

To obtain an injunction, appellants had to show risk of imminent harm, not injury that is purely conjectural or speculative. *See Morris v. Collins*, 881 S.W.2d 138, 140 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The record does not demonstrate risk of imminent harm from McGee's use of Partners's business name or possession of Partners's proprietary documents. We conclude that the district court did not abuse its discretion in denying appellants' request for injunctive relief.

In their fourth point on appeal, appellants contend that the district court erred in awarding attorneys' fees to McGee and denying appellants' request for attorneys' fees. Appellants base their contention on the court's award of damages to McGee and the court's denial of appellants' request for injunctive relief being error. Since we hold that the district court did not err in awarding damages to McGee or in denying the injunctive relief sought by appellants, we hold that the trial court's award of attorneys' fees was not error and overrule appellants' fourth point on appeal.

Having overruled each of appellants' points on appeal, we affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: January 15, 2009

7